```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION
```

MOHAMAD ELMUSA,              )
                             )
Plaintiff,                   )
                             )    CAUSE NO. 2:13-CV-315
        vs.                  )
                             )
LAKE COUNTY INDIANA          )
SHERIFF'S DEPARTMENT,        )
*et al.*,                    )
                             )
Defendants.

### OPINION AND ORDER

This matter is before the Court on "Defendant Lake County Sheriff's Motion to Bifurcate § 1983 *Monell* Claims and Stay Discovery and Trial on Those Claims," filed by the defendant, Lake County Indiana Sheriff, John Buncich, on December 14, 2015 (DE #65). For the reasons set forth below, the motion is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 42(b), the *Monell* claims against the Sheriff's Department are **BIFURCATED** from the 42 U.S.C. section 1983 and state law claims against the individually-named Officer Defendants for both discovery and trial. All discovery and trial of the *Monell* claims is **STAYED** pending resolution of the claims against the individually-named Officer Defendants. The Court **ORDERS** that Plaintiff's right to a jury trial on the Monell claims is preserved.

BACKGROUND

The plaintiff, Mohamad Elmusa ("Plaintiff"), filed a complaint in this case on September 9, 2013. (DE #1). Plaintiff was granted leave to file an amended complaint on August 4, 2014, and the first amended complaint was docketed on August 14, 2014. (DE #36 & DE #37.) This action is brought pursuant to 42 U.S.C. section 1983. According to the first amended complaint, Plaintiff called the St. John Police Department on August 24, 2013, believing that a trailer he had leased had been stolen. Plaintiff was subsequently arrested because the officers who arrived on the scene determined that Plaintiff had an outstanding warrant for a failure to appear in court. He was transported to the custody of the Lake County Indiana Sheriff's Department (the "Sheriff's Department"), where he was placed in an interview room with Officer Kevin Knight ("Officer Knight"). After Plaintiff refused to answer Officer Knight's questions, he was told to exit the room where he was cuffed at both his hands and feet. Plaintiff walked two to three feet before he was attacked by Officer Knight and several other officers. The alleged attack included Plaintiff being grabbed and thrown to the ground, punched in his left eye, kicked and beaten in his knee and leg, and being forced to raise his cuffed hands above his head. Plaintiff alleges that he was placed in isolation for six or seven hours following the attack without a mattress, food, water, or his

medication.  As a result of the attack, Plaintiff suffered a broken nose, a fractured shoulder, a bruised knee, a bruised leg, and other physical and emotional injuries.  At the time this occurred, Plaintiff claims that he was unarmed, cuffed at his feet and hands, approximately five feet six inches tall, two hundred pounds, and sixty-eight years old.

Plaintiff lists the defendants in his first amended complaint as "Lake County Indiana Sheriff John Buncich officially" ("Sheriff Buncich") and the following parties "individually and in his [or her] official Capacity as an officer of the Lake County Indiana Sheriff's Department" – Kevin Knight, Mitchell McGuire, Andrew Berglund, Jeremy Cary, Lt. Pete Fotinos, Richard Borchert, Brian Kolodziej, David May, and Jennifer Matthews (collectively, "individually-named Officer Defendants").

Based on the actions described above, Plaintiff brings five separate claims:

> Count I - 42 U.S.C. § 1983 - Excessive Force in violation of the Fourth and Fourteenth Amendment Against Officer Knight
>
> Count II - 42 U.S.C. § 1983 - Excessive Force (and/or a Failure to Intervene) in violation of the Fourth and Fourteenth Amendment Against Officers Knight, McGuire, Berglund, Cary, Fotinos, Borchert, Kolodziej, May, and Matthews[1]

---

[1] The title of Count II only lists Officer Knight, but it is clear from the text of the first amended complaint that this count is brought against all of the individually-named Officer Defendants.

3

> Count III - 42 U.S.C. § 1983 - *Monell* Claim - Against Lake County Sheriff John Buncich's Department
>
> Count IV - 42 U.S.C. § 1983 - Failure to Provide Adequate Medical Care Against Officers Knight, McGuire, Berglund, Cary, Fotinos, Borchert, Kolodziej, May, and Matthews
>
> Count V - Battery (Pursuant to Indiana Law) Against Officers Knight, McGuire, Berglund, Cary, Fotinos, Borchert, Kolodziej, May, and Matthews

To the extent Plaintiff seeks damages against Sheriff Buncich in his official capacity, his claim is, in effect, an action against the Sheriff's Department, a municipality. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Smith v. County of Kosciusko*, No. S91-5(RDP), 1991 WL 261766, at *2 (N.D. Ind. Nov. 15, 1991).

In the instant motion, Sheriff Buncich requests that the Court bifurcate all of Plaintiff's claims against the individually-named Officer Defendants from Plaintiff's section 1983 *Monell* claims against the Sheriff's Department and to stay discovery and trial on the *Monell* claims until and unless Plaintiff first proves an underlying constitutional violation against any of the individually-named Officer Defendants. Plaintiff has not filed a response.

DISCUSSION

Federal Rule of Civil Procedure 42(b) states, in relevant

part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Bifurcation may be appropriate if one or more of the Rule 42(b) criteria is met. *See, e.g., Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000). Courts have broad discretion in deciding whether to bifurcate issues presented in a case or to try them separately. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Indeed, the district court's exercise of its discretion to bifurcate will be set aside on appeal "only upon a clear showing of abuse." *Treece,* 213 F.3d at 364-65. Federal Rule of Civil Procedure 26(d) also permits a court to stay discovery on *Monell* claims. Fed. R. Civ. P. 26(d); *see also Carr v. City of N. Chicago*, 908 F.Supp.2d 926, 927 (N.D. Ill. 2012). The decision of whether to bifurcate is a case-specific analysis. *Cadiz v. Kruger*, No. 06 C 5463, 2007 WL 4293976, at *3 (N.D. Ill. Nov. 29, 2007).

Sheriff Buncich argues that bifurcation will be more convenient and efficient for the parties, it will avoid prejudice, expedite the matter, and economize resources for the Court and parties during the discovery process and trial. Sheriff Buncich states that Plaintiff will not be prejudiced by bifurcation. Plaintiff does not dispute any of these assertions.

5

In this case, the *Monell* claims center around allegations of excessive force, a failure to intervene, and a denial of medical care. Specifically, Plaintiff alleges that the Sheriff's Department "directly encourages, and is therefore, the moving force behind, the constitutional violations at issue here by":

> [1] failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference[;] . . .
>
> [2] failing to adequately investigate, punish, and discipline this and prior instances of constitutional violations, thereby leading the [Sheriff's] Department's officers to believe that their actions will never be scrutinized and therefore directly encouraging future abuses of the constitutional rights enjoyed by Plaintiffs[; and] . . .
>
> [3] assisting, aiding, and abetting in the cover-up and concealment of the identities of the [Sheriff's] Department officers who engage in abuses of the constitutional rights of others, thereby leading [the] officers to believe that their actions will never be scrutinized and, as such, directly encouraging future constitutional violations.

(DE #37, pp. 9-10.) The Court finds that these types of claims are well suited for bifurcation. This is so because "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (emphasis in original). See also *Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015) ("If the plaintiff

fails to prove a violation of his constitutional rights in his claim against the individual defendants, there will be no viable *Monell* claim based on the same allegations."). Furthermore, "there can be no liability under *Monell* for failure to train when there has been no violation of the plaintiff's constitutional rights." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007).[2] Thus, the Court agrees with Sheriff Buncich when he argues that it is more efficient and convenient to determine whether the individually-named Officer Defendants violated Plaintiff's constitutional rights before requiring the Court (and the parties) to expend resources litigating the *Monell* claims against the Sheriff's Department that might never be reached or adjudicated. In the event that the individually-named Officer Defendants are found not to have committed the constitutional violations, bifurcating the *Monell* claims would serve to avoid prejudice to the Sheriff's Department for unnecessarily defending these claims.

Efficiency, convenience, and economy also weigh in favor of bifurcation. As Sheriff Buncich points out, "discovery relating to the municipality's policies and practices, which (depending on the size of the police department) can add significant time, effort,

---

[2] While the Seventh Circuit has left the door open for the possibility that, when questions of qualified immunity are at play, a municipality could be found liable under *Monell* even if its officers are not, such a hypothetical concern is premature at this stage and could be appropriately determined at the conclusion of a trial on individual liability. See *Saunders v. City of Chicago*, 146 F. Supp. 3d 957, 969-70 (N.D. Ill. 2015) (citing *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010)).

7

and complications to the discovery process." *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000); see also *Price v. Kraus*, No. 2:15-CV-331-PRC, 2016 WL 36982, at *2-3 (N.D. Ind. Feb. 1, 2016). Judges throughout the circuit have recognized that oftentimes, "claims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts, and an extraordinary amount of money must be spent in order to prepare and prove them." *Moore v. City of Chicago*, No. 02 C 5130, 2007 WL 3037121, at *9 (N.D. Ill. Oct. 15, 2007); see also *Cruz v. City of Chicago*, No. 08 C 2087, 2008 WL 5244616, at *2 (N.D. Ill. Dec. 16, 2008) (convenience and efficiency would be best served through bifurcation, in part, because of "extensive amount of work" associated with *Monell* claims). In this case, Sheriff Buncich argues that discovery related to Plaintiff's *Monell* claims would be a burdensome, time consuming, expensive task because the Sheriff's Department would have to "locate, compile, and produce numerous documents" and engage in a "detailed investigation." (DE #65, p. 5.) The Court agrees that this is likely, especially given the rather general nature of the policies, procedures, and/or customs described above[3] that led to the alleged constitutional violations. See *Price*, 2016 WL 36982 at *3 (distinguishing general policy allegations from specifically detailed ones and granting bifurcation).

---

[3] Pages 5-6, *supra* & First Amended Complaint (DE #37, pp. 9-10).

8

Based on the foregoing, and in light of the fact that Plaintiff has not responded to the instant motion in any way, the Court finds that the avoidance of prejudice and the interests of justice, efficiency, convenience, and economy support bifurcation.

CONCLUSION

For the reasons set forth above, "Defendant Lake County Sheriff's Motion to Bifurcate § 1983 *Monell* Claims and Stay Discovery and Trial on Those Claims" (DE #65) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 42(b), the *Monell* claims against the Sheriff's Department are **BIFURCATED** from the 42 U.S.C. section 1983 and state law claims against the individually-named Officer Defendants for both discovery and trial. All discovery and trial of the *Monell* claims is **STAYED** pending resolution of the claims against the individually-named Officer Defendants. The Court **ORDERS** that Plaintiff's right to a jury trial on the Monell claims is preserved.

**DATED: September 9, 2016**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**